**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 97-30822
Summary Calendar

---

In re: COMBUSTION, INC.

PLAINTIFFS' STEERING COMMITTEE,

Plaintiff-Appellee,

versus

PATRICK L. TESSIER,

Movant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
(94-MDL-4000)

---

September 18, 1998

Before POLITZ, Chief Judge, EMILIO M. GARZA and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:[*]

This appeal arises out of a mass disaster toxic tort class action involving a hazardous waste dump site located in Livingston Parish, Louisiana. The site served as an oil recycling center until 1980 and is now known as the Combustion, Inc. Superfund Site.

By December of 1994 over 13,000 claimants had filed proof of claim forms

---

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

in this action. In July of 1995 the district court approved a preliminary settlement agreement between the class and some of the defendants and ordered a fairness hearing thereon. The court also ordered all class members who had failed to file a timely proof of claim to notify the court of their intention to appear at the hearing and to show good cause why they should be allowed to take part in the litigation.

Patrick L. Tessier notified the court that, as a land owner in the contaminated area, he qualified as a class member and that he had not received notice of the suit until after the deadline for filing a proof of claim. At the hearing, Tessier informed the court that his name and address was reasonably ascertainable to the Plaintiffs' Steering Committee and that due process required that he receive personal notice. The district court, finding that notice was reasonable and adequate, initially refused to allow Tessier to take part in the litigation.

On appeal, we noted that **Eisen v. Carlisle & Jacquelin**[1] requires that individual notice be given to all class members whose names and addresses are ascertainable through reasonable effort. As it was not clear from the district court's order whether the **Eisen** standard had been applied, we remanded for this determination.[2] On remand, the district court found that Tessier had actual notice of the litigation and, therefore, determined that individual notice was not required.

Our review of the record, briefs, and applicable law discloses neither error nor abuse of discretion in the district court's credibility call on this issue.

---

[1] 417 U.S. 156 (1974).

[2] **Combustion v. Tessier**, 103 F.3d 124 (5th Cir. 1996) (unpublished table decision).

2

The judgment appealed is AFFIRMED.